CASE 12.—ACTION BY W. A. WARD AGAINST THE CITIZENS LIFE INSURANCE CO. TO RECOVER SALARY FOR SERVICES AS AGENT.—December 18.

# Ward v. Citizens Life Ins. Co.

Appeal from McCracken Circuit Court.

W. M. REED, Circuit Judge.

From a judgment dismissing the petition, plaintiff appeals.—Reversed.

Insurance—Stock Companies—Actions—Venue—"Agent."—Plaintiff sued for the value of services as agent under a contract of employment made in M. county with defendant insurance company through its president; defendant's principal place of business being in J. county. Civil Code Prac. section 71, provides that, excepting certain actions, an action against an incorporated insurance company may be brought in the county where its principal place of business is situated; or, if it arise out of a transaction with an agent of the corporation, it may be brought in the county where the transaction took place. Held, that plaintiff could sue in M. county, where the transaction took place; the president being an agent of the company within the statute.

HENDRICK, MILLER & MARBLE for appellant.

(No brief in the record.)

WHEELER, HUGHES & BERRY and HELM BRUCE for appellee.

POINTS AND AUTHORITIES.

1. An action by an agent of an insurance company to recover commissions must be brought in the county of the chief office of such insurance company.

2. The 71st section of the Civil Code, authorizing actions in counties where the contract is made in controversies arising thereon, if they grow out of a transaction with an agent of the company, was not intended to cover an action by such agent against an insurance company to recover commissions.

OPINION OF THE COURT BY WM. ROGERS CLAY, COMMISSIONER—Reversing.

Plaintiff, W. A. Ward, instituted this action against the defendant, Citizens' Life Insurance Company, for a recovery of the sum of $500 claimed to be due him as salary, commissions, and expenses for services as insurance agent. The petition charges that the amount sued for was due under a contract of employment made and entered into between the plaintiff and the defendant in McCracken county, Ky. Summons was issued to Jefferson county, and therein served on defendant's vice-president. The defendant filed an answer in the nature of a plea to the jurisdiction. From this answer it was made to appear that defendant's chief office and place of business was in Louisville, Jefferson county, Ky.; that plaintiff at the times complained of in his petition was the agent of defendant; and that the things complained of grew out of a contract made by the plaintiff with the president of defendant as defendant's representative. Plaintiff filed a demurer to this answer, which was overruled, and judgment was then entered dismissing his petition. From that order this appeal is prosecuted.

The sole question presented is the proper construction of section 71 of the Civil Code of Practice, which is as follows: "Excepting the actions mentioned in sections sixty-two to sixty-six, both inclusive, and in sections seventy and seventy-five, an action against an incorporated bank or insurance company may be

brought in the county in which its principal office or place of business is situated; or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place." Counsel for appellee insist that the ruling of the lower court on the question of jurisdiction was proper; that the provision, "or, if it arise out of a transaction with an agent of such corporation, it may be brought in the county in which such transaction took place," applies only to transactions had by third parties with an agent of the corporation; the purpose of the provision being to give the right to persons making contracts with the company through an agent to bring suit where the transaction took place. We are of the opinion, however, that the language in question is broad enough to include an action brought by an agent upon a contract made with the president or representative of the company. The contract upon which this action is based was made in McCracken county by the president of the insurance company. At the time of making the contract the agent himself was a third party. The president, in making the contract, was as much the agent of the company as any other person authorized to attend to its business. As the contract was made with defendant's president as its agent or representative, and as plaintiff is suing upon that contract, it necessarily follows that his cause of action arises out of a transaction with an agent of such corporation. He is not suing upon a cause of action arising out of a transaction with himself as agent, but upon a cause of action arising out of a transaction with the president, who was the company's agent. As this transaction took place in McCracken county, it follows that the action could be brought in

that county, and that the circuit court of that county had jurisdiction.

For the reasons given, the judgment is reversed and cause remanded, with directions to sustain the demurrer to the defendant's answer.